# NO. 12-20-00171-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EVANJELINA LUNA,* *APPELLANT* | § | *APPEAL FROM THE 215TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BETTY J. PHELPS,* *APPELLEE* | § | *HARRIS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

This appeal is being dismissed for failure to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time.[1] *See* TEX. R. APP. P. 42.3(c).

A party who is not excused by statute or the appellate rules from paying costs must pay-- at the time an item is presented for filing--whatever fees are required by statute or Texas Supreme Court order. TEX. R. APP. P. 5; *see* TEX. R. APP. P. 20.1. An appellate court may enforce Rule 5 by any order that is just. TEX. R. APP. P. 5. After giving ten days' notice, an appellate court may dismiss an appeal because the appellant failed to comply with a requirement of the appellate rules, a court order, or a notice from the clerk requiring a response or other action within a specified time. TEX. R. APP. P. 42.3(c).

Before this appeal was transferred to this Court, the First Court of Appeals notified Appellant, Evanjelina Luna, that the filing fee was due. On July 30, 2020, the First Court sent a past due court fee notice. On January 19, 2021, the Clerk of this Court notified Appellant that the filing fee in this appeal is due and that the appeal would be subject to dismissal if the fee was not paid on or before January 29. The date for remitting the filing fee passed, and Appellant has

---

[1] Pursuant to a docket equalization order issued by the Supreme Court of Texas on July 30, 2020, this appeal has been transferred to this Court from the First Court of Appeals in Houston, Texas.

not responded to this Court's notice, paid the filing fee, or otherwise shown that she is excused from paying the fee.[2]

Because Appellant failed, after notice, to comply with Rule 5, the appeal is ***dismissed***.[3] *See* TEX. R. APP. P. 42.3(c). All pending motions are ***overruled as moot***.

Opinion delivered February 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Appellant filed a pauper's oath in the trial court but the clerk's record does not reflect an indigency ruling. Even so, a party granted indigency status in the trial court, must, to establish the right to proceed without payment of costs, communicate to the appellate court clerk in writing that the party is presumed indigent. *See* TEX. R. APP. P. 20.1(b)(2). The applicability of the presumption should be stated in the notice of appeal and in the docketing statement. *Id*. Here, Appellant's notice of appeal mentions nothing regarding indigency and she has not timely filed a docketing statement. Nor did Appellant file a statement of inability to afford payment of court costs with this Court. *See* TEX. R. APP. P. 20.1(c) (when no statement is filed in the trial court).

[3] We also note that Appellant's brief was due on September 14, 2020. She did not file a brief and did not file a motion for extension of time to file a brief until January 29, 2021. She states in her motion that the failure to file her brief is due to confusion over the appeal being transferred to this Court. The record contains notice, dated August 7, 2020, from the First Court advising the parties, including Appellant's counsel, of the transfer order.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 10, 2021**

**NO. 12-20-00171-CV**

**EVANJELINA LUNA,**
Appellant
V.
**BETTY J. PHELPS,**
Appellee

---

Appeal from the 215th District Court

of Harris County, Texas (Tr.Ct.No. 2016-19574)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*